## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------------

FRANCIS KYEM, *individually and on*
*behalf of all others similarly situated*
523 East Washington Lane
Philadelphia, PA 19144

                Plaintiff,

       v.

MERAKEY USA
620 Germantown Pike
Lafayette Hill, PA 19444; AND

MERAKEY CHILDREN'S SERVICES
906 Bethlehem Pike
Erdenheim, PA 19038

             Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: _____

**JURY TRIAL DEMANDED**

--------------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Francis Kyem ("Plaintiff") hereby brings this action against Defendant Merakey

USA and Defendant Merakey Children's Services (collectively, "Defendants"), and alleges,

upon personal belief as to his own acts, and upon information and belief as to the acts of others,

as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendants have unlawfully failed

to pay him and other similarly-situated individuals in the positions of Behavioral Specialist

Consultant ("BSC"), Therapeutic Staff Support ("TSS"), and Mobile Therapist ("MT")

(collectively, "Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage

Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff is a current employee of Defendants who is employed in the position of Behavioral Specialist Consultant.  During the course of his employment, Plaintiff and, upon information and belief, Class Plaintiffs regularly work/worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendants unlawfully failed to compensate him and Class Plaintiffs for certain work deemed "non-billable" by Defendants, thus failing to account for the time they spent performing "non-billable" work when calculating their total "hours worked" for purposes of their overtime eligibility in violation of the FLSA and PMWA.

3.      Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to him as a result of Defendants' unlawful pay practices.

4.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.     Plaintiff Francis Kyem currently resides at 523 East Washington Lane, Philadelphia, PA 19144.

10.     Upon information and belief, Defendant Merakey USA, previously named NHS Human Services, Inc., is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 620 Germantown Pike, Lafayette Hill, PA 19444, which, upon information and belief, also serves as the location for its corporate headquarters.

11.     Upon information and belief, Defendant Merakey Children's Services is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 906 Bethlehem Pike, Erdenheim, PA 19038, which, upon information and belief, also serves as the location for Defendant Merakey USA's Business Operations and Fiscal Administrative Office.  Upon information and belief, Defendant Merakey USA owns and operates Defendant Merakey Children's Services.

12.     Defendants are "private employers" and covered by the FLSA.

13.     Upon information and belief, Defendants Merakey USA and Merakey Children's Services are a joint, single, and/or integrated employer with respect to the employees of Merakey

3

Children's Services, including but not limited to Plaintiff and Class Plaintiffs. Upon information and belief, Defendants share employees (including, but not limited to providers of behavioral health services as well as administrative staff), office space (including, but not limited to administrative offices and treatment locations), equipment, management (including, upon information and belief, shared corporate officers), and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

14.     Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Behavioral Specialist Consultant ("BSC"), Therapeutic Staff Support ("TSS"), and Mobile Therapist ("MT"), or in positions with substantially similar job

duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendants' policy and practice of failing to accurately track and compensate Plaintiff and Class Plaintiffs for all time spent performing certain compensable work designated by Defendants as "non-billable," such as time spent traveling as part of their principal job activity, attending mandatory job-related trainings, completing paperwork and submitting reports on Defendants' client management software, and interacting with clients over the phone and through email ("Class Plaintiffs").

19.     Plaintiff estimates that there are in excess of one hundred (100) other similarly situated BSC, TSS, and MT who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices describe above.  The precise number of employees can easily be ascertained by Defendants.  These employees can be identified and located using Defendants' payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

20.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs are/were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendants' failure to compensate them for certain compensable work designated by Defendants as "non-billable," had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21.　　Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22.　　Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23.　　Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants during the past three (3) years in the position of Behavioral Specialist Consultant, Therapeutic Staff Support, and/or Mobile Therapist or in positions with substantially similar job duties who were paid on an hourly basis and were denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

24.　　The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25.　　Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendants were required to count the "non-billable" work performed by Plaintiff and the Class toward their total hours worked for purposes of calculating overtime compensation under the PMWA;

C.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

D.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

26.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a current employee of Defendants employed in the position of Behavioral Specialist Consultant who has suffered, and continues to suffer, similar injuries as those suffered by the Class members as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

27.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.      Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     Plaintiff began his employment with Defendants in or around May 2012, when he was hired into the position of Behavioral Specialist Consultant.

33.     At all times relevant hereto, Plaintiff was compensated on an hourly basis.

34.     In their capacities as Behavioral Specialist Consultants ("BSC"), Therapeutic Staff Support ("TSS"), and Mobile Therapists ("MT"), Plaintiff and Class Plaintiffs provide clinical behavioral health services for clients in Defendants' Behavioral Health Rehabilitation Services Department, helping to implement the treatment plans developed by Defendants.

35.     Plaintiff and Class Plaintiffs primary job responsibilities in their capacities as BSC, TSS, and MT include meeting and interacting with clients, family members, and/or school personnel through face-to-face encounters as well as through email, phone conversations, and text messaging, completing and/or revising behavior modification plans, filling out paperwork, and entering progress notes and other information into Defendants' client management software.

36.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendants, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

37.     For example, depending on the number of clients/sessions assigned by Defendants, when performing the role of BSC, Plaintiff and Class Plaintiffs may be required to report to their assigned locations at 8:30 am, and to participate in a series of two (2) hour long conferences with clients scheduled by Defendants.

38.      Pursuant to applicable regulations, Defendants also limit the amount of time
Plaintiff and Class Plaintiffs are permitted to spend with each client to three (3) hours per week
(typically one two-hour session and one one-hour session) with the time divided between client
face-to-face time and family engagement sessions.

39.      Additionally, Plaintiff and, upon information and belief, Class Plaintiffs, are/were
required to complete progress notes for each session with a client.

40.      Upon information and belief, Defendants maintain similar control over the
manner by which Class Plaintiffs perform their duties as MT and TSS, in that Defendants are
responsible for assigning clients to Class Plaintiffs and determining the scheduling and length of
appointments.

41.      Plaintiff and Class Plaintiffs are required to perform the aforementioned work in
accordance with certain specific guidelines, protocols, and training provided by Defendants.

42.      Defendants' BSCs are/were compensated on an hourly basis for work deemed by
Defendants to be "billable" during their scheduled shifts.

43.      Upon information and belief, Defendants' TSS and MT are/were compensated on
an hourly basis for work deemed by Defendants to be "billable" when providing services for
Defendants' BHRS Department.

44.      During a typical workday, Monday through Friday, Plaintiff and, upon
information and belief, Class Plaintiffs who work/ed as BSCs, TSSs, and MTs, typically begin
working at or before 8:30 am, when they were required to arrive at their assigned location.
Plaintiff then typically continued to work at their assigned school until at or around 3:30 pm,
whereupon they began traveling from location to location providing services for Defendants.
Although Plaintiff typically leaves his final BHRS appointment around 3:00 pm or 4:00 pm,

depending on their number of assigned clients, they are generally required to spend several additional hours each day filling out paperwork, completing progress notes, and entering information into Defendants' client management software.

45.     Additionally, Plaintiff, and, upon information and belief, Class Plaintiffs, are/were not compensated for the time spent traveling between work locations, apart from a small expense reimbursement based on mileage.  Upon information and belief, it takes Plaintiff approximately fifteen (15) to twenty (20) minutes to travel between work locations to see Defendants' clients.

46.     As a result, during a typical workweek, Plaintiff – and, upon information and belief, Class Plaintiffs – perform, on average, approximately thirty-five (35) to forty (40) hours of "billable" work in their capacities as BSCs and approximately ten (10) to fifteen (15) hours of work deemed "non-billable" by Defendants.

47.     Accordingly, during a typical workweek, Plaintiff – and, upon information and belief, Class Plaintiffs – perform, on average, approximately forty-five (45) to fifty-five (55) hours of work when Plaintiff and Class Plaintiffs' hours are combined between "billable" work and work deemed "non-billable" by Defendants.

48.     However, despite regularly working over forty (40) hours per week, Plaintiff and Class Plaintiffs do/did not receive overtime compensation for the combined billable and non-billable hours they worked over forty (40) in a workweek.

49.     By way of example, during the workweek of October 14, 2018 to October 20, 2018, Plaintiff performed at least forty (40) billable hours along with approximately fifteen (15) hours of non-billable work.  However, Plaintiff was paid for only forty (40) hours worked, receiving no compensation for his non-billable activities, let alone overtime compensation for those hours worked over forty (40).

50.     During the workweek of October 15, 2017, to October 21, 2017, Plaintiff worked at least forty (40) billable hours and approximately fifteen (15) hours of non-billable work. However, Plaintiff was paid for only forty (40) hours worked, receiving no overtime compensation.

51.     From May 2012 to the present, Plaintiff, and upon information and belief, Class Plaintiffs regularly worked approximately ten (10) to fifteen (15) hours of work deemed "non-billable" by Defendants for which they received no compensation.

52.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

53.     Plaintiff does not have the authority to hire, fire, or discipline other employees of Defendants, nor does he make recommendations with respect to employee status changes to which Defendants gives substantial weight.

54.     Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

55.     Plaintiff and Class Plaintiffs do not perform work directly related to Defendants' management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendants.

56.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

57.     Plaintiff and Class Plaintiffs' primary duty did/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff and Class Plaintiffs' job duties did not require the consistent exercise of discretion and

12

judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff and Class Plaintiffs are/were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendants.

58.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

59.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

60.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

61.     Defendants willfully failed to track and count the time Plaintiff and Class Plaintiffs spent performing non-billable tasks in order to avoid their obligations to pay overtime compensation under the FLSA and PMWA.

62.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

63.     Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

65.    Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

66.    Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs, including, but not limited to, compensable work deemed by Defendants to be "non-billable," such as time spent traveling from work location to work location as part of their principal job activity, attending mandatory job-related trainings, completing paperwork, submitting reports on Defendants' client management software, and interacting with clients over the phone and through email.

67.    As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

68.    The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

69.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

70.    Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

14

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the position of Behavioral Specialist Consultant, Therapeutic Staff Support, and/or Mobile Therapist, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hour worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.     Awarding Plaintiff and Class Plaintiffs unpaid overtime compensation in an amount consistent with the FLSA;

F.     Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.     Awarding pre- and post-judgment interest and court costs further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

71.     Paragraphs 1 through 70 are hereby incorporated by reference as though the same were fully set forth at length herein.

72.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

73.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

74.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

75.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representative for the Class and their counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:

Michael Murphy, Esq.
Michael Groh, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: November 26, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

**I. (a) PLAINTIFFS**

Francis Kyem

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq  and Michael Groh, Esq , Murphy Law Group, LLC,
Eight Penn Center, Suite 2000, 1628 John F  Kennedy Blvd ,
Philadelphia, PA 19103, 267-273-1054

**DEFENDANTS**

Merakey USA and Merakey Children's Services

County of Residence of First Listed Defendant   --
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U S Government
   Plaintiff

☐ 2  U S Government
   Defendant

☒ 3  Federal Question
   *(U.S. Government Not a Party)*

☐ 4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                     Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S  Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS   Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer  w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an  "X"  in One Box Only)*

☒ 1  Original
   Proceeding

☐ 2  Removed from
   State Court

☐ 3  Remanded from
   Appellate Court

☐ 4  Reinstated or
   Reopened

☐ 5  Transferred from
   Another District
   *(specify)*

☐ 6  Multidistrict
   Litigation -
   Transfer

☐ 8  Multidistrict
   Litigation -
   Direct File

**VI. CAUSE OF ACTION**

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U S C  201, et seq
Brief description of cause
Failure to pay overtime compensation under the FLSA/PMWA

**VII. REQUESTED IN
COMPLAINT:**

☒  CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**

*(See instructions)*    JUDGE _____   DOCKET NUMBER _____

DATE
11/26/2019

SIGNATURE OF ATTORNEY OF RECORD

NOV 2 6 2019

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19      5577**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 523 East Washington Lane, Philadelphia, PA 19144

Address of Defendant: 620 Germantown Pike, Lafayette Hill, PA 19444 (Merakey USA), 906 Bethlehem Pike, Erdenheim, PA 19038 (Merakey Children's Services)

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number _____  Judge _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/26/2019      91262

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL: (Place a ✓ in one category only)**

**A.** *Federal Question Cases:*

- 1. Indemnity Contract, Marine Contract, and All Other Contracts
- 2. FELA
- 3. Jones Act-Personal Injury
- 4. Antitrust
- 5. Patent
- 6. Labor-Management Relations
- 7. Civil Rights
- 8. Habeas Corpus
- 9. Securities Act(s) Cases
- 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify)* Fair Labor Standards Act

**B.** *Diversity Jurisdiction Cases:*

- 1. Insurance Contract and Other Contracts
- 2. Airplane Personal Injury
- 3. Assault, Defamation
- 4. Marine Personal Injury
- 5. Motor Vehicle Personal Injury
- 6. Other Personal Injury *(Please specify)*
- 7. Products Liability
- 8. Products Liability - Asbestos
- 9. All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Michael Murphy, Esq. , counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

NOV 26 2019

DATE: 11/26/2019      91262

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Fracis Kyem | : | CIVIL ACTION |
| v. | : | |
| Merakey, USA; and | : | **19      5577** |
| Merakey Children's Services | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| November 26, 2019 | Michael Murphy, Esquire | Plaintiff Francis Kyem |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 26 2019